## FRANK CLAY vs. JOHN P. SCHWAB.

Forgery may be committed by deceitfully and fraudulently obtaining the signature of a party to an instrument of which he has no knowledge or intention of signing.

*Lenawee Circuit, April,* 1870.

This was an action upon a promissory note for one hundred and fifty dollars, made by the defendant, payable to O Simpson order, six months after date, dated April 14, 1869, and endorsed by the payer.

Plea the general issue.

The defence was that the note was a forgery.

The defendant is a German, residing in the town of Ridge-way, speaking the English language imperfectly, and not able to read it.

The facts, as testified to by him, that two strangers, one of whom called himself Simpson, came to him at his residence, at the date of the note, and professed to be engaged in selling a patent washing machine, and appointing agents for this purpose in the several towns of the county. They proposed to him to

CLAY v. SCHWAB.

take the agency for the township in which he lived, stating that they would send him thirty machines by express, that he could sell them at ten dollars each, or more, and out of the proceeds pay them five dollars for each machine sold, he retaining the balance for his compensation; that he would have nothing to pay unless he sold the machines or some of them, but if he sold the machines he should pay $150, or in that proportion for what he did sell. He consented to take the agency on these terms, and they produced a paper which they represented to be a contract to account to them for their share of the proceeds of the machines which he should sell, and pretended to read it to him, (he not being able to read it himself,) and requested him to sign it, which he did. That as read by them it was not a note, but an instrument containing the agreement before mentioned. That he signed no other paper than this. That no machines were sent. The note sued was a printed blank filled up and signed. The defendant stated that the paper which he signed did not look like this, but was a larger and longer instrument, and as read to him had no such terms as contained in the note.:

He stated that the signature looked like his, and he could not say whether it was or was not written by him, but this was not such a paper as he signed.

The plaintiff testified that he purchased the note in good faith, before maturity.

*Geddes & Miller*, for plaintiff, cited 2 *Russell on Crimes*, 316; *Roscoe's Crim. Ev.*, 489; 4 *Mass.*, 45.

*A. L. Miller*, for plaintiff, cited 6. *Shep.* (18 *Maine*), 368; *The State vs. Shurtiff; 6 Cow*, 72, *The People vs. Peacock;* 4 *T. R.*, 28, *Mead vs. Young;* 1 *Phil. Ev.* (*new ed.*), 751, 752.

The plaintiff's counsel requested the Court to charge the jury, among other things, as follows:

1. That under the pleadings, it is not material in this case whether or not fraud, deception, or falsehood was the means by which the signature of the defendant was obtained to the note note declared on, nor is it material if the defendant sup-

posed he was signing a contract or any other instrument, and did not know at the time that he was signing a note, but then was told, and believed he was signing some other agreement and not a note at all.

This request was refused by the Court.

2. That if the question of fraud, deception and falsehood in obtaining the signature of the defendant to the note were properly in issue, if the note was not forged, it could not become material unless knowledge of such fraud, deception and falsehood were proved against the plaintiff before or at the time he purchased the said note, the same having been purchased by plaintiff before maturity of the note, unless he had such knowledge or information as would put a prudent man on inquiry.

This request was granted.

3. That obtaining the signature of the defendant to this negotiable promissory note by fraud, deception or falsehood is not forgery, such as will avoid this note in the hands of an innocent holder for value when purchased before maturity.

Refused.

4. That forgery, such as will avoid this note in the hands of plaintiff, must be a false making, alteration of, or addition to the same in some material point, and that such making, alteration or addition cannot be presumed but must be proved by defendant.

Granted.

The defendant's counsel requested the following charges, among others:

1. That if the signature to the note, though genuine, was not made to the instrument in the form it now appears, but to an instrumant different in any material respect, it is a forgery.

Granted by the Court.

2 That if the signature of the defendant was obtained from him fraudulently, by covering over the body of the note with another and materially different instrument, with gum or otherwise, so as to conceal the body of the note and make it appear another and different instrument that he was signing, and the

defendant was led to believe, by the appearance. of the paper, and the fraudulent statements of the payee at the time, that he was signing such other instrument and not a note, and such other instrument was subsequently removed, so as to make the signature apply to the note, it is a forgery, and the plaintiff cannot recover.

Granted.

3. That if the defendant was unable to read the instrument which he signed, and the payee obtained his signature by deceit and fraud, by falsely pretending to read the same to him, and reading it not as a note but as another and different contract, and the defendant was thereby deceived, the instrument is a forgery, and plaintiff cannot recover.

Granted.

4. That although fraud alone in obtaining the note would not avoid it in the hands of an innocent. holder, yet if the fraud and deceit be such as to make it amount to a forgery, then the plaintiff cannot recver.

5. That if the insrument, though signed by defendant, was not signed with any intention of making a promissory note, or promising to pay according to the terms of such note, but with the intention and understanding that he was signing another and totally different instrument, and his signature was procured by the payee of the note by means of artfully and designedly deceiving him as to the character and terms of the instrument he was signing, for the purpose of defrauding him, the defendant not being guilty of any want of care in the matter, the instrument is a forgery.

Granted.

6. That forgery does not consist alone in the counterfeiting or false making of a signature, but may be perpetrated by the alteration of a genuine instrument, or by deceitfully and fraudulently obtaining the signature of a party to an instrument of which has no knowledge and no intention of signing.

Granted.

7. That if the note was signed by the defendant, but at the

time it was signed had preceding and above it on the same paper, and so connected as to make the whole appear to the defendant as one instrument, and if the terms of such preceding contract were such as, taken with the note, would alter its effect, and the defendant did not intend to sign a note alone, and such preceding contract was subsequently cut off without the defendant's consent, it is a forgery.

Granted.

Verdict for the defendant.